# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEITH KEMP,

    *Plaintiff,*

vs.

HOWARD SKOLNIK, *et al.*

    *Defendants*.

2:09-cv-02002-PMP-LRL

ORDER

This prisoner civil rights action comes before the Court for initial review of the Amended Complaint (#8) under 28 U.S.C. § 1915A as well as on Plaintiff's initial application (#1) to proceed *in forma pauperis*, motion (#5) for an order to the Marshal to indicate costs of service, motion (#9) for the Nevada Attorney General to accept service of the amended complaint, motion (#11) for anticipatory wage garnishment, motion (#13) regarding access to courts, and motion (#15) to vacate order requiring a new pauper application.

### *Fee Payment and Pauper Applications*

The record reflects payment of the filing fee on February 18, 2010. See ## 2 & 4. The initial pauper application (#1) therefore will be denied as moot, and plaintiff's motion (#15) to vacate the order requiring a new pauper application will be granted. Given that the filing fee has been paid, the Court proceeds to screening of the Complaint, as amended. The Court will address the remaining pending motions at the end of this Order.

### *Screening*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint,

or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare, naked and conclusory assertions that merely constitute formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the Amended Complaint (#8),[1] Plaintiff Keith Kemp seeks to pursue claims against: (a) Dwight Nevens, the Warden of High Desert State Prison ("High Desert"), in both his individual and official capacity; (b) William Kuloloia, a High Desert caseworker, in his individual capacity; and (c) Jenny Mae Statler, alleged to be a former High Desert law library supervisor, in her individual capacity.

In Count I, Plaintiff alleges that he was denied due process of law and "liberty interests" in violation of the Fourteenth Amendment.

Plaintiff alleges in Count I that Defendant Statler, as the former High Desert law library supervisor, failed to provide him with legal supplies and legal materials for approximately 44 days, from on or about August 25, 2008, through October 9, 2008, "despite proof of 'pro se' status in my time-sensitive appeals . . . thus completely denying my access to the courts." He alleges that Statler "continued to provide only intermittent, sporadic, and insufficient service until 2/9/09," when she was transferred or replaced. Plaintiff does not allege any specific actual harm in any specific court case. He instead refers to his other allegations in the complaint being susceptible to proof "by numerous filings in the 8th Judicial District Court, U.S. Supreme Court, and countless 'kites' and 'grievances' filed within the D.O.C."[2]

---

[1] Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

Consistent with this rule, it appears from a review of the pleadings that the Amended Complaint (#8) in this particular case is presented as a "stand-alone" document superceding the original complaint (#3). The Court accordingly screens the Amended Complaint.

[2] #8, at 3A & 4. The Court has taken into account Plaintiff's factual allegations in the "Nature of the Case" portion of the complaint form. This portion of the form instead is to be used to briefly summarize – in the space provided – the background of the case. Specific factual allegations supporting individual counts instead should be stated in each individual count. That is, the detail that Plaintiff included in a general narrative under the "Nature of the Case" instead needed to be stated in the individual counts of the complaint, so that it is clear what claims are being pursued in which counts against which defendants on which facts. The Court nonetheless took into account the specifics in the "Nature of the Case" in considering the individual counts.

Plaintiff further cross-referenced to additional allegations for each count in multiple other places in the pleading. Plaintiff simply should add an additional page after each count to assert the additional allegations. Despite the cross-referencing back and forth in the pleading, the Court took all such allegations into account.

1 Plaintiff further alleges in Count I that Defendant Kuloloia, as a High Desert
2 caseworker, was aware of Plaintiff's alleged lack of access to the courts and his alleged
3 improper placement in punitive segregation.
4 In this regard, plaintiff alleges that he was placed in punitive segregation on September
5 23, 2008, after he requested to be placed in protective custody. He alleges that he remained
6 in punitive segregation for 167 days until January 24, 2009, when he was placed in
7 disciplinary segregation after receiving a "write-up" for a violation, such that he had remained
8 in "the hole" continuously up to the time of the complaint. He alleges that he was subjected
9 to atypical and significant hardships as compared to the general prison population, in that was
10 subjected to less than 3 hours per week of outdoor exercise, one shower every 72 hours
11 rather than three times a week, reduced telephone access, reduced meal portions and
12 canteen privileges, intermittent access to a caseworker, often being denied the right to make
13 legal calls, and being placed in handcuffs every time that he left his cell.
14 Plaintiff alleges that Defendant Kuloloia failed to place him in the proper classification
15 and failed to conduct timely classification review. He alleges that Kuloloia further failed to
16 transfer him to acceptable housing and failed to separate him from staff and inmates who
17 threatened, taunted, ridiculed and goaded him, allegedly making his existence almost
18 unbearable. Kemp alleges that Kuloloia failed to take action despite receiving "countless"
19 "kites" and "many" grievances from Kemp.
20 Plaintiff alleges in Count I that Defendant Nevens, as Warden at High Desert, also was
21 personally aware of these same issues via his kites and grievances yet failed to take action.
22 In Count II, Plaintiff alleges that he was denied his right to redress grievances and his
23 right to access to the courts in violation of the First Amendment. He substantially realleges,
24 with minor variations, the same allegations as to Defendants Statler, Kuloloia and Nevens
25 under Count II that he relied upon in support of Count I. He additionally alleges that
26 Defendant Kuloloia never resolved, corrected, or remedied any of the issues despite "a deluge
27 of 'kites' and grievances" that he submitted regarding the conditions alleged under Count I as
28 well as regarding access to the law library, legal phone calls, and the courts.

In Count III, Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. He alleges that he initially requested to be placed in protective custody because members of the Aryan Warriors threatened to stab and kill him if he remained in general population because he did not have enough "paperwork" to convince them that he was "o.k." Plaintiff alleges that "I cooperated ('snitched') with the investigating authorities and told them 'who threatened me, why, and what gang they belonged to.'"[3] He thereafter was housed in punitive segregation for 167 days "awaiting transfer to protective segregation." He alleges that "I was forced to live in a psychologically tortuous [sic] environment where inmates were constantly taunting, cursing, ridiculing, and threatening me almost 24 hours a day." He alleges that a senior correctional officer threatened to let an inmate into his cell to stab and rape him. Kemp alleges that he filed a "lewd amount" of kites and grievances, including an emergency grievance, with no effect.

On Count III, Plaintiff alleges that Defendants Kuloloia and Nevens were made aware of these alleged circumstances through his kites and grievances but did nothing.

Plaintiff seeks compensatory and punitive damages together with permanent injunctive relief. He seeks injunctive relief as to access to legal supplies and materials, the frequency of inmate law clerk visitation in segregation units, and mandatory separation of administrative and protective segregation inmates away from "psychologically tortuous [sic] conditions commonly and routinely 'doled out' by punitive segregation inmates."

At the outset, the claims for injunctive relief are moot because plaintiff no longer is housed at High Desert.

Against that backdrop, plaintiff does not present a viable claim against Defendant Nevens in his official capacity. Plaintiff may not recover monetary damages from Defendant Nevens in his official capacity. First, claims for monetary damages from state officials in their official capacity are barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929,

---

[3] Plaintiff perhaps may wish to safeguard his legal papers inside prison containing such a statement.

934-35 (9th Cir. 2002).  Second, state officials sued in their official capacity for monetary damages in any event are not "persons" subject to suit under 42 U.S.C. § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989).

      Count I fails to state a claim for relief against Defendant Statler for a denial of due process of law and "liberty interests" in violation of the Fourteenth Amendment.  As the Court discusses below as to Count II, the allegations presented fail to state a claim for relief under the First Amendment.  The Due Process Clause of the Fourteenth Amendment provides no greater protection in this context than do the more relevant and directly applicable provisions of the First Amendment.

      Count I further fails to state due process claims against Defendants Kuloloia and Nevens based upon their allowing him to remain in a punitive segregation unit for 167 days while awaiting space in a protective custody unit.  A liberty interest protected by the Due Process Clause arises only where a restraint imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life or will invariably affect the duration of the inmate's sentence.  *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).  Plaintiff presents no nonconclusory allegations tending to establish that these requirements have been satisfied.  His allegations regarding, *e.g.,* exercise and shower frequency and the like do not tend to establish that the conditions in the punitive segregation unit differ significantly from those imposed upon inmates in administrative segregation or protective custody.  The failure to present allegations demonstrating such a different is significant under *Sandin*.  *See,e.g., Myron v. Terhune*, 476 F.3d at 718.  Plaintiff has failed to state a plausible claim for relief against Defendants Kuloloia and Nevens under the Due Process Clause.

      The allegations regarding alleged harassment by other inmates and staff is addressed under the Eighth Amendment claim asserted in Count III.  Such allegations are not a matter addressed directly under the Due Process Clause rather than the Eighth Amendment.

      Count I therefore is subject to dismissal in its entirety.

Count II fails to state a claim for relief against any of the Defendants under the First Amendment for denial of a right of access to the courts. At the outset, the right protected under the First Amendment is a right to access to the courts, not a right to a particular legal resource or resources. *See Lewis v. Casey*, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 2179-80, 135 L.Ed.2d 606 (1996). Accordingly, alleging only a denial of access to a particular legal resource, without more, does not present a viable First Amendment claim. Rather, in order to present a plausible First Amendment claim in this context, the plaintiff must present factual allegations that would show actual injury to his ability to present a claim to the courts. 518 U.S. at 351-52, 116 S.Ct. at 2180. In the present case, Plaintiff does not present any nonconclusory factual allegations that would tend to establish actual injury. He therefore fails to state a viable First Amendment claim against any of the Defendants.

Nor does Count II state a plausible claim for relief against Defendants Kuloloia and Nevens based upon their alleged failure to grant relief in response to Plaintiff's kites and grievances. A prison's failure to provide the relief requested in an inmate grievance does not itself give rise to a First Amendment violation. Otherwise, the failure to provide the relief requested in every inmate grievance automatically would constitute a First Amendment violation. Whatever claims may arise on the circumstances underlying the grievances, the failure to provide relief in response to a grievance itself does not constitute or give rise to a separately cognizable claim under the First Amendment.

Count II therefore is subject to dismissal in its entirety.

Count III also fails to state a claim upon which relief may be granted. Verbal harassment is insufficient to state a claim under the Eighth Amendment. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996), *amended by* 135 F.3d 1318 (9th Cir.1998); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987). Threats, even threats of bodily injury, additionally are insufficient to state a claim under the Eighth Amendment. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.1987). Count III therefore is subject to dismissal in its entirety.

The entire complaint, as amended, thus is subject to dismissal, as to all defendants. The Court will give Plaintiff an opportunity to amend to state a claim, if possible.

### *Remaining Motions*

Given that the Amended Complaint fails to state a claim upon which relief may be granted, all remaining pending motions will be denied.

Additionally, Plaintiff in any event is not entitled to relief on the motion (#5) for an order to the Marshal to indicate costs of service and the motion (#9) for the Nevada Attorney General to accept service of the amended complaint. Service does not proceed in a prison civil rights matter until after the Court has screened the complaint and ordered a response from the defendants.

The motion (#11) for anticipatory wage garnishment is without merit, as such relief is not available on the showing made.

The motion (#13) regarding access to courts in truth is a memorandum rather than a motion. The memorandum discusses alleged issues regarding access to the courts at Ely State Prison, where Plaintiff currently is incarcerated. A federal court action proceeds on the basis of claims presented in the pleadings and motions requesting specified relief with regard to those claims. The pleadings do not present any issues concerning Ely State Prison, and the Court does not take action based upon memoranda, letters, notices, or declarations filed in the record instead of a motion seeking specified relief.

IT THEREFORE IS ORDERED that the initial application (#1) to proceed *in forma pauperis* is DENIED as moot and the motion (#15) to vacate the order (#14) requiring a new pauper application is GRANTED. The record reflects that the filing fee has been paid in this action.

IT FURTHER IS ORDERED that the Complaint, as amended by #8, is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the Amended Complaint if possible.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the words "SECOND AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall

1  place the docket number, 2:09-cv-02002-PMP-LRL, above the words "SECOND AMENDED"
2  in the space for "Case No."
3       Under Local Rule LR 15-1 any amended complaint filed must be complete in itself
4  without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior
5  papers that are not carried forward in the amended complaint no longer will be before the
6  Court.
7       The Clerk of Court shall provide plaintiff with a copy of the Amended Complaint (#8)
8  together with two copies of a Section 1983 complaint form and one copy of the instructions
9  for same.
10      All remaining motions (## 5, 9, 11 & 13) are DENIED.
11      If an amended complaint is filed in response to this order, the Court will screen the
12 amended pleading before ordering any further action in this case.
13      If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final
14 judgment dismissing this action will be entered. If the amended complaint does not correct
15 the deficiencies identified in this order and otherwise does not state a claim upon which relief
16 may be granted, a final judgment dismissing this action will be entered.
17      DATED: June 24, 2010.

_____
PHILIP M. PRO
United States District Judge