# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEITH KEMP,

    *Plaintiff,*

vs.

HOWARD SKOLNIK, *et al.*

    *Defendants*.

2:09-cv-02002-PMP-LRL
(Base File)

ORDER

This prisoner civil rights action comes before the Court for initial review of the two different amended complaints (## 22 & 47) filed as well as upon multiple status request letters presented by Plaintiff only days or weeks after filings herein.

### *Screening*

Plaintiff must file one amended complaint presenting all of his claims in one pleading under the proper caption for the consolidated action. Plaintiff informed the Court in No. 3:10-cv-00188-HDM-VPC that he was seeking to amend his complaint in that action to present claims that "will essentially be an extension of Case No. 2:09-cv-02002-PMP-LRL . . . to show a campaign of harassment by the department of this facility." The Court therefore consolidated the two actions, administratively closed No. 3:10-cv-0188, and gave Plaintiff an extension of time to file an amended complaint with the direction that "[a]ll pleadings, including amended complaints, shall be filed in the first-filed action 2:09-cv-02002-PMP-LRL."  #34. The Court thereafter reiterated in a subsequent order: "All that [Plaintiff] need do is file a single amended pleading setting forth all of his claims that is properly captioned for the consolidated

action." #39. The order demonstrated the proper captioning of the action by using the No. 2:09-cv-02002-PMP-LRL docket number with the designation: "(Base File)."

Plaintiff instead has filed an amended pleading captioned with the now-closed 3:10-cv-00188 docket number in which he states that "[t]his complaint starts . . . where 2:09-cv-02002-PMP-LRL stops." #47 at electronic docketing page 6. The amended pleading does not present all of Plaintiff's claims in the one consolidated action but instead seeks to file a second amended pleading in addition to the previous amended pleading filed at #30.

Plaintiff may not file two different amended complaints. As the Court previously informed Plaintiff, under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court. See #16, at 3 n.1 & 9. Plaintiff unnecessarily complicated these proceedings by filing two actions seeking to pursue claims that he maintained were related. Following upon the consolidation of the two actions and the administrative closure of No. 3:10-cv-0188, only one action remains as a functional matter. Plaintiff must file a single consolidated amended complaint that presents *all* of his claims in *one* pleading.

*All* filings further must be captioned as this order is captioned with regard to the docket number, including the "Base File" designation. Plaintiff may not use the No. 3:10-cv-0188 docket number on any filings after entry of the consolidation order. Any further filings presented under the No. 3:10-cv-0188 docket number will be stricken for failure to comply with the Court's orders.

Both amended pleadings in any event are deficient.

*First*, Plaintiff failed to use the required complaint form for the entirety of his pleading. Local Rule LSR 2-1 requires that a *pro se* civil rights complaint must be filed on the Court's required complaint form. In each amended pleading, Plaintiff used the required form for the first three counts and then submitted an entirely handwritten complaint for the remainder of the counts. Plaintiff must use the required form for all counts in his pleading. If he has more than three counts, he must use a copy of a page from the complaint form and strike through

or white out the count number (*i.e.*, 1, 2 and 3) and then write in the number of the count (*e.g.*, 4, etc.). Using the complaint form, Plaintiff must start each new count on a new page.

In this same vein, all allegations must be included within the four corners of the complaint on the complaint form itself, without external glossaries, indices, forewards and/or other documents seeking to supplement and expand upon the allegations of the complaint. Rather than using abbreviations that require a glossary, Plaintiff should just use the full term in the body of the complaint. For example, simply refer to "Aryan Warriors" rather than using an "A.W." abbreviation that then must be looked up elsewhere in an external glossary. *All allegations must be alleged in the complaint, on the required complaint form.*

*Second*, the pleadings fail to set forth a short and plain statement of the claims presented without redundant, immaterial or impertinent matter in compliance with Rule 8(a)(2) and Rule 12(f) of the Federal Rules of Civil Procedure. Without counting additional glossaries, indices, forewards, and the like, Plaintiff has presented the Court with one amended 48-page pleading and another 22-page amended pleading. A lengthy pleading containing multiple claims is not in itself deficient. However, Plaintiff's pleadings, especially #30, are replete with redundant, immaterial and/or impertinent matter.

For example, allegations regarding being allegedly compelled to take a deal because the District Attorney filed "egregious" charges at best is irrelevant and at worst subjects claims to potential dismissal under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Plaintiff further included, *e.g*, a half page quotation from a federal district court decision despite the instructions in the complaint form to state the facts supporting his claims "without citing legal authority or argument." Plaintiff additionally does not need to include allegations, *e.g.,* defining a prison fish tank, advising the Court that he is from Texas and thus feels that he is an outsider at the prison, or providing "background" about events or his feelings that he admits is "unrelated to this complaint" but which he presents because it "sheds light on my character." Plaintiff should focus his attention on *alleging specific facts stating alleged constitutional violations by the defendants*, not providing a chronological diary of his stay in prison, other events in his life, and his feelings about them.

In screening the pleadings, the Court is just looking for viable claims, not Plaintiff's, literally, daily life story in prison and elsewhere. The Court is not seeking to judge Plaintiff's character or to do anything other than looking for allegations of *specific fact stating alleged constitutional violations by the defendants, based upon their alleged acts or omissions*. If Plaintiff continues to present the Court with, in his phrasing, "prolix" pleadings containing extensive amounts of redundant, immaterial and/or impertinent matter, the Court may be left with no option other than to dismiss the action for failure to comply with the Court's orders and present proper pleadings reasonably susceptible to screening.

After review of the two amended pleadings, the Court finds that Plaintiff can state his claims with sufficient specificity – with the same size print used in the current pleadings – with no more than one additional page in the nature of the case section[1] and four additional pages for each individual count. This clearly is possible once the redundant, immaterial and/or impertinent allegations are omitted.

*Third*, Plaintiff may not incorporate other documents such as state court suit records or the voluminous exhibits (discussed further below) filed into the federal record in order to state his claims. He, again, must state his claims *within the body of the complaint form itself*. Plaintiff thus should exclude all of the "see . . ." references in his pleadings that seek to refer the Court to materials outside the pleadings. If, as discussed above, Plaintiff omits the redundant, immaterial and impertinent material from his pleadings, he will have ample room to state *material* allegations supporting his claims in the body of the pleadings without having to incorporate other documentary materials by reference. All references to materials outside the body of the pleadings will be disregarded during screening.

---

[1] As the Court informed Plaintiff in the prior screening order, the "Nature of the Case" portion of the complaint form is to be used only to briefly summarize – in the space provided – the background of the case, *i.e.* the basic type of constitutional claims presented. As the instructions to the complaint form state, "all you are attempting to do in this part of the complaint is to tell the court the factual basis of your action." The instructions continue: "For example, in this part of the complaint you would inform the court that you allege that defendants failed to follow proper procedures in the disciplinary process." *Instructions*, at 5. Specific factual allegations supporting individual counts instead should be stated under each individual count.

Plaintiff further simply should provide a list of additional defendants, not a second caption page.

*Fourth*, on preliminary review, it appears that, the prolixity of the present pleadings notwithstanding, numerous claims in the two amended pleadings fail to state a claim for the same reasons outlined in the prior screening orders in the initially separate two cases.  If Plaintiff continues to present claims subject to the very same pleading deficiencies that were outlined in the prior screening orders, all such claims will be dismissed without further leave to amend.  For example, if Plaintiff continues to present claims of denial of legal resources that are subject to the same pleading deficiencies outlined in the prior orders, such claims will be dismissed without further leave to amend even if they are based on different alleged factual episodes.  Plaintiff has been informed of the pleading requirements as to the claims.  If he continues to present similarly deficient claims after being so informed, all such claims simply will be dismissed given the futility of amendment following upon Plaintiff failing to correct the previously identified pleading deficiencies.

*Fifth*, Plaintiff may not file exhibits with his pleadings.[2]  Plaintiff filed 1452 pages of exhibits and associated materials with #30.  He additionally has filed a combined additional 48 pages of exhibits and related materials in ## 27 and 31.  He thus has filed 1500 pages of exhibits, consisting in principal part of his multitudinous prison kites and grievances.  As discussed above, Plaintiff must state his claims in the body of the complaint form itself, and he may not file discovery or evidentiary materials into the suit record.  Further, administrative exhaustion is an affirmative defense that is not considered during screening.  Plaintiff is not required to provide documentary proof of administrative exhaustion with the pleadings.  Any further filings of unnecessary exhibits or other unnecessary material in the future will be stricken.

The Court will give Plaintiff an opportunity to file a single amended complaint presenting all of his claims, correcting the above deficiencies, and correcting the deficiencies in the Court's prior screening orders.

---

[2] The instructions to the complaint form clearly state: "Exhibits should not be submitted with the complaint."  The plaintiff instead should paraphrase the relevant information in the body of the complaint itself and keep the exhibits to support or oppose any later dispositive motions in the case. *Instructions*, at 2.

### *Status Inquiries*

Local Rule LR 7-6(b) provides that a party may submit and serve a letter to the Court at the expiration of sixty days after any matter has been, or should have been, submitted to the Court for decision if the Court has not entered its written ruling.

The suit record in this matter contains numerous status inquiry letters from Plaintiff mailed only days or weeks after sundry filings. After Plaintiff stated his intent to amend the pleadings to present more claims and the matter was consolidated, the Court held action in this matter pending receipt of what was supposed to be a superseding consolidated amending pleading. Plaintiff mailed his latest status inquiry letter to the Court on April 20, 2011, only 35 days after the March 15, 2011, filing of his latest amended complaint (#47).

While the Court endeavors to reach and decide all matters on its docket as promptly as possible, the Court nonetheless has a heavy docket with numerous pending cases. It takes time for the Court to reach each matter in turn. Plaintiff has presented this Court with over 70 pages of pleadings and related materials setting forth 20 claims along with 1500 pages of documentary exhibits. Plaintiff should not expect that he necessarily will receive a screening order on such lengthy filings back in the next week's return mail – particularly with pleadings that require the Court to attempt to sift through the chaff of extensive immaterial allegations seeking to find viable claims.

If sixty days passes after a matter is submitted, Plaintiff may send – one – letter pursuant to Local Rule LR 7-6(b) as described above. The Court thereafter will reach and resolve the matter as promptly as its docket allows. However, as the Court previously has stated: "Neither the Court nor the Clerk will correspond with plaintiff . . . updating status as to recent filings." #42. Plaintiff is sent a notice of electronic filing when a paper is filed, and the sixty-day letter ensures that a submission otherwise has not "fallen through the cracks" in the Court. Further correspondence is neither necessary nor warranted, as the Court in all events will reach the matter thereafter as promptly as its docket permits.

IT THEREFORE IS ORDERED that Plaintiff shall have sixty (60) days within which to file a single amended pleading presenting all of his claims in this matter and otherwise

correcting the deficiencies identified in this order, the prior screening order (#16) in No. 2:09-cv-02002, and the prior screening order (#11) in No. 3:10-cv-00188.  Plaintiff may use only one extra page for the nature of the case and four extra pages for each count.  Plaintiff may not reduce the print size from that used generally in the current pleadings in an effort to avoid this page limitation.

IT FURTHER IS ORDERED that, on any such amended complaint filed, Plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the consolidated docket number, **2:09-cv-02002-PMP-LRL, ("Base File)"**, above the word "AMENDED" in the space for "Case No."

Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings or other documents.  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward and set forth within the amended complaint no longer will be before the Court.

The Clerk of Court shall Provide plaintiff with a copy of the most recent pleadings (#30, at electronic docketing pages 26-73 and #47) together with – considering the number of claims to be presented – seven copies of a Section 1983 complaint form.

If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action in this case.

If Plaintiff does not timely mail an amended complaint to the Clerk for filing, a final judgment dismissing this action will be entered.  If Plaintiff files an amended complaint that does not correct the deficiencies identified in the Court's orders and/or that otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action potentially may be entered without further leave to amend.

DATED:  April 28, 2011.

_____
PHILIP M. PRO
United States District Judge