1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEITH KEMP,

    *Plaintiff,*

vs.

HOWARD SKOLNIK, *et al.*

    *Defendants.*

2:09-cv-02002-PMP-VCF
(Base File)

ORDER

These consolidated prisoner civil rights actions by Plaintiff Keith Kemp come before the Court for initial review of the most recent Amended Complaint (#53).

The current pleading follows upon a screening order in each of the consolidated files along with a third screening order entered after the consolidation.  The prior screening orders sets forth Plaintiff's allegations, the governing law requiring specific actual factual allegations, and the deficiencies in the prior pleadings.  See ## 16 & 49; No. 3:10-cv-00188-HDM-VPC, #11.  The current 61-page Amended Complaint carries forward deficiencies from prior pleadings identified in prior screening orders.  Where a prior order addresses a deficiency that has been carried forward in the Amended Complaint, the Court notes the prior disposition with a reference to the pertinent portion of the prior screening order.  The most recent screening order clearly informed Plaintiff that "[t]he Court will give Plaintiff an opportunity to file a single amended complaint presenting all of his claims, correcting the . . . deficiencies [identified in the third screening order], and correcting the deficiencies in the Court's prior screening orders." #49, at 5, lines 23-25; see also *id.*, at lines 1-12.  Plaintiff has been provided ample opportunity to amend.

***Count I***

In Count I, Plaintiff alleges that he was denied rights to due process and equal protection in violation of the Fourteenth Amendment, "inclusive of" Eighth Amendment protection against cruel and unusual punishment, when he was assigned to a segregation unit in High Desert State Prison ("High Desert") for 26 months. Plaintiff's allegations accept as a given that he needed to be segregated from the general prison population for his own safety. Plaintiff alleges that he was held in "the hole," "punitive segregation," and/or "administrative segregation" rather than in what he identifies as "protective custody." Other than conclusory references to "barbaric living conditions" and "abominable housing conditions," Plaintiff does not present specific, nonconclusory actual factual allegations tending to establish that he was subjected to an atypical and significant hardship in comparison to the ordinary incidents of prison life by being placed in one segregation unit (punitive segregation and/or administrative segregation) as opposed to another (protective segregation). Under the law detailed previously, Count I therefore fails to state a claim upon which relief may be granted under the Due Process Clause. See #16, at 4 & 6. Under the authorities cited previously, any *arguendo* alleged violation of state administrative regulations does not give rise to a deprivation of a protected liberty interest. *See Sandin v. Conner,* 515 U.S. 472, 477-84, 115 S.Ct. 2293, 2297-2300, 132 L.Ed.2d 418 (1995).

The allegations presented otherwise fail to present a basis for relief under the Due Process Clause, and Count I further does not state any viable claim under either the Equal Protection Clause or the Eighth Amendment. As noted previously, verbal harassment, including even threats of bodily injury, does not give rise to a viable Eighth Amendment claim. See #16, at 7.

Count I therefore will be dismissed for failure to state a claim upon which relief may be granted.

***Count II***

In Count II, Plaintiff alleges that he was denied rights to due process and equal protection in violation of the Fourteenth Amendment, "inclusive of" Eighth Amendment

protection against cruel and unusual punishment.  He alleges that he was improperly labeled as a member of a Security Threat Group in August 25, 2008, with no supporting evidence and that this designation was not removed until he finally was given a previously-requested hearing on February 25, 2010.  He alleges that in the interim the classification contributed to a denial of parole, resulted in his being transferred to a maximum security prison, and affected his housing classification and privileges.

Count II states a claim for relief under the Due Process Clause, albeit not based upon any alleged violation of state administrative regulations, *see Sandin, supra*.  Count II does not state a claim for relief under the Equal Protection Clause or the Eighth Amendment.

All claims in Count II except the due process claim therefore will be dismissed.

**Count III**

In Count III, Plaintiff alleges that he was denied rights to due process and equal protection in violation of the Fourteenth Amendment, "inclusive of" Eighth Amendment protection against cruel and unusual punishment, when "many, many times" his requests to make legal calls would be denied while he was previously incarcerated at High Desert and Ely State Prison ("Ely") between August 25, 2008, and January 6, 2011.  The allegations do not state a claim for relief under the Due Process Clause, the Equal Protection Clause, or the Eighth Amendment.  Nor do the conclusory allegations tend to demonstrate actual injury.

Count III therefore will be dismissed for failure to state a claim upon which relief may be granted.

**Count IV**

In Count IV, Plaintiff alleges that he was denied rights to due process and equal protection in violation of the Fourteenth Amendment, "inclusive of" Eighth Amendment protection against cruel and unusual punishment, when $207.53 was deducted from his inmate account in error for an alleged self-inflicted injury that allegedly never occurred, which he alleges was an illegal charge against his account.

Plaintiff thus alleges that he was subjected to an unauthorized and erroneous or negligent deprivation of his property.  Count IV thus fails to state a claim under the Fourteenth

1   Amendment for a denial of due process arising from the loss or deprivation of the property,

2   due to the availability of an adequate state post-deprivation remedy for the loss.  *See Hudson*

3   *v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451

4   U.S. 527, 543, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels*

5   *v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); N.R.S. 73.010; N.R.S.

6   41.031; N.R.S. 209.243.  Count IV otherwise fails to state a claim for relief under either the

7   Equal Protection Clause or the Eighth Amendment.

8       Count IV therefore will be dismissed for failure to state a claim upon which relief may

9   be granted.

10      **Count V**

11      In Count V, Plaintiff alleges that he was subjected to cruel and unusual punishment in

12  violation of the Eighth Amendment when he intermittently was not allowed as much exercise

13  as he maintains that he was supposed to be allowed.  He alleges that the denials of exercise

14  occurred at High Desert between September 23, 2008, and February 7, 2009, and between

15  August 18, 2009, and October 21, 2009, for a total of approximately 203 days.  He maintains

16  that he was supposed to be allowed five hours of exercise a week.  During these periods, he

17  sometimes would be allowed only one opportunity to go to the yard for exercise per week and

18  never was allowed more than three opportunities per week to go to the yard.   On 58 of the

19  days that he was supposed to have an opportunity to exercise over the course of the period,

20  he was not allowed an opportunity.

21      Count V fails to state a claim upon which relief may be granted.  Intermittent denial of

22  exercise with no associated medical effects does not rise to the level of a constitutional

23  violation.  *E.g., May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997).  The mere alleged violation

24  of state administrative regulations does not give rise to a constitutional deprivation.  *See*

25  *Sandin, supra*.

26      Count V therefore will be dismissed for failure to state a claim upon which relief may

27  be granted.

28      / / / /

***Count VI***

In Count VI, Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment.  He alleges that while previously incarcerated at High Desert and Ely from September 23, 2008, through January 6, 2011, he "noticed" that correctional officers were stacking food trays one on top of the other, which he believes is an unsanitary practice that should be stopped.

Count VI fails to state a claim upon which relief may be granted.  Petitioner does not allege any compensable injury from what he believes to be an unsanitary practice, and he no longer is incarcerated at either High Desert or Ely.  He has no standing to seek equitable relief regarding the alleged unsanitary practice at the other prisons, and his conclusory assertion that the alleged violation is "capable of repetition, yet evading review" does not establish *his* standing to pursue the matter.

Count VI therefore will be dismissed for failure to state a claim upon which relief may be granted and for lack of standing.

***Count VII***

In Count VII, Plaintiff alleges that he was denied rights to due process and equal protection in violation of the Fourteenth Amendment, "inclusive of" Eighth Amendment protection against cruel and unusual punishment, when a correctional officer wrote him up in retaliation for filing a grievance against her.  He alleges that as a result he has lost, *inter alia*, six days a month credit against his sentence expiration date and an additional ten days lost statutory sentencing credits.

Plaintiff's claims necessarily imply the invalidity of the deprivation of his sentence credits, thereby challenging the duration of his confinement.  Plaintiff's claims accordingly are not cognizable under Section 1983.  *See Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Count VII therefore will be dismissed as noncognizable under 28 U.S.C. § 1983.

////

////

-5-

***Count VIII***

In Count VIII, Plaintiff alleges that he was denied rights to due process and equal protection in violation of the Fourteenth Amendment, "inclusive of" Eighth Amendment protection against cruel and unusual punishment, when a CD player-radio, headphones, and power adapter that belonged to him were taken by correctional officers from another inmate's cell, allegedly in violation of state administrative regulations.  Count VIII fails to state a claim under the Fourteenth Amendment for a denial of due process arising from the loss or deprivation of the property, due to the availability of an adequate state post-deprivation remedy for the loss.  *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); N.R.S. 73.010; N.R.S. 41.031; N.R.S. 209.243.  Any alleged violation of state administrative regulations, again, does not give rise to the deprivation of a protected liberty interest.  *Sandin, supra*.  The deprivation of the CD player-radio, etc. otherwise does not give rise to a viable claim under the Equal Protection Clause or the Eighth Amendment.

Count VIII therefore will be dismissed for failure to state a claim upon which relief may be granted.

***Count IX***

In Count IX, Plaintiff alleges that he was denied rights to due process and equal protection in violation of the Fourteenth Amendment, "inclusive of" Eighth Amendment protection against cruel and unusual punishment, when he was transferred to maximum security custody at Ely, allegedly in retaliation for filing the present lawsuit.

Count IX fails to state a claim under the Due Process Clause, the Equal Protection Clause and/or the Eighth Amendment.  As noted previously, any alleged violation of state administrative regulations does not give rise to the deprivation of a protected liberty interest. *Sandin, supra*.  Although not specifically pled as a First Amendment claim, the Court will direct service and a response to the claim to the extent that Plaintiff alleges that he was transferred in retaliation for litigation activity.

1     All claims in Count IX therefore will be dismissed except to the extent that Plaintiff

2    alleges that he was transferred in retaliation for litigation activity.

3       ***Count X***

4     In Count X, Plaintiff alleges that he was denied rights to due process and equal

5    protection in violation of the Fourteenth Amendment, "inclusive of" Eighth Amendment

6    protection against cruel and unusual punishment, when he was not allowed to purchase legal

7    books while at Ely.  Count X fails to state a claim under the Due Process Clause, the Equal

8    Protection Clause and/or the Eighth Amendment.  Any alleged violation of state administrative

9    regulations does not give rise to the deprivation of a protected liberty interest.  *Sandin, supra*.

10   To the extent that Plaintiff's claims might arise under the First Amendment, the conclusory

11   allegations presented fail to state the requisite actual injury to pursue such a claim.  See,e.g.,

12   #16, at 7; No. 3:10-cv-00188, #11, at 3.  Nor do the conclusory allegations state a claim under

13   the Religious Land Use and Institutionalized Persons Act (RLUIPA).  Moreover, Plaintiff's

14   conclusory assertion that the alleged violation is "capable of repetition, yet evading review"

15   does not establish his standing to pursue the matter now that he is held at Lovelock.

16     Count X therefore will be dismissed for failure to state a claim upon which relief may

17   be granted and for lack of standing.

18       ***Count XI***

19     In Count XI, Plaintiff alleges that he was denied rights to due process and equal

20   protection in violation of the Fourteenth Amendment, "inclusive of" Eighth Amendment

21   protection against cruel and unusual punishment, when a caseworker allegedly included

22   inaccurate information in his preliminary parole report.  According to Plaintiff's allegations, he

23   therefore appeared "defensive and egotistical" when he tried to correct the errors at his parole

24   hearing, such that he appeared "to know more than the parole board" and appeared

25   "haughty."  He alleges that he thus was not "receive[d] well by the board," contributing to his

26   being denied parole on February 5, 2010, for three years.

27     Plaintiff's claims necessarily imply the alleged invalidity of the denial of his parole,

28   thereby challenging the duration of his confinement.  Plaintiff's claims accordingly are not

1  cognizable under § 1983.  *See,e.g., Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct.
2  2364, 129 L.Ed.2d 383 (1994); *Butterfield v. Bail*, 120 F.3d 1023, 1024–25 (9th
3  Cir.1997)("Few things implicate the validity of continued confinement more directly than the
4  allegedly improper denial of parole.").

5       Count XI therefore will be dismissed as noncognizable under § 1983.

6       **Count XII**

7       In Count XII, Plaintiff alleges that he was subjected to cruel and unusual punishment
8  in violation of the Eighth Amendment.  He alleges that while previously incarcerated in
9  punitive segregation units at High Desert and Ely from September 23, 2008, through January
10  6, 2011, he was not allowed to take water with him to the outdoor exercise yard and that the
11  yard facilities were poorly laid out and uneven, without restroom facilities or running water.

12      Count XII fails to state a claim upon which relief may be granted.  Plaintiff  does not
13  allege any compensable injury from the alleged circumstances, and he no longer is at either
14  High Desert or Ely.  Plaintiff has no standing to seek equitable relief regarding the alleged
15  practices at the other prisons, and his conclusory assertion that the alleged violation is
16  "capable of repetition, yet evading review" does not establish his standing to pursue the
17  matter.

18      Count XII therefore will be dismissed for failure to state a claim upon which relief may
19  be granted and for lack of standing.

20      **Count XIII**

21      In Count XIII, Plaintiff alleges that he was denied rights to due process and equal
22  protection in violation of the Fourteenth Amendment, "inclusive of" Eighth Amendment
23  protection against cruel and unusual punishment, when a caseworker deliberately took
24  grievance and legal papers from him and left his remaining legal papers in such disarray that
25  it took him a week to reorganize them.  He additionally alleges that the caseworker and a
26  correctional officer later threatened him and that the correctional officer used "excessive
27  force" against him when he called for help.

28      / / / /

1    Count XIII fails to state a claim under the Fourteenth Amendment for a denial of due

2    process arising from the loss or deprivation of property, due to the availability of an adequate

3    state post-deprivation remedy for the loss.  *See Hudson v. Palmer*, 468 U.S. 517, 533, 104

4    S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 68

5    L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106

6    S.Ct. 662, 88 L.Ed.2d 662 (1986); N.R.S. 73.010; N.R.S. 41.031; N.R.S. 209.243.  The

7    alleged disorganization of Plaintiff's papers is a *de minimis* matter that does not rise to

8    constitutional significance. *See,e.g., Blair v. Bethel School District*, 608 F.3d 540, 544 (9th Cir.

9    2010).  As noted in a prior screening order, verbal harassment, including even threats of

10    bodily injury, do not give rise to a viable Eighth Amendment claim.  See #16, at 7.  Further,

11    as also noted in prior screening orders, plaintiff must present specific allegations of actual

12    fact, not merely recite conclusory and formulaic recitations of the elements of a cause of

13    action in order to state a claim. #16, at 2; #49, at 3-5.  Plaintiff's conclusory allegation that he

14    was subjected to "excessive force" fails to state a claim.

15    Count XIII therefore will be dismissed for failure to state a claim upon which relief may

16    be granted.

17    **Count XIV**

18    In Count XIV, Plaintiff alleges that he was subjected to cruel and unusual punishment

19    in violation of the Eighth Amendment.  He alleges that he subscribes to over 32 periodicals,

20    including magazines and daily newspapers, and that he further has bought a number of

21    books.  According to the Amended Complaint, from October 21, 2009, forward, the mailroom

22    at Ely failed to deliver some issues of the periodicals to which Plaintiff subscribed and failed

23    to deliver some of the books that he ordered.  Plaintiff alleges that 24 issues -- from the over

24    32 either daily or weekly periodicals that he subscribed to -- were not delivered to him from

25    September 2010 through April 2011 while he was incarcerated at Ely, including some of the

26    daily editions of USA Today.  Plaintiff further alleges that the Ely mailroom has not forwarded

27    an additional 13 issues following his transfer to Lovelock before his address change notices

28    took effect.  Plaintiff additionally alleges that 6 books that he ordered were not delivered.

1    The foregoing allegations, plainly, do not state a claim of cruel and unusual punishment
2    in violation of the Eighth Amendment.  Nor does the alleged loss or destruction of newspaper,
3    magazines, and books give rise to any other constitutional violation.  *Hudson, supra; Parratt,*
4    *supra*.  If Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file
5    a claim in small claims court in state court.  Minutiae such as Plaintiff not consistently getting
6    his USA Today subscription daily in his cell is not a matter addressed by the Constitution of
7    the United States.

8    Count XIV therefore will be dismissed for failure to state a claim upon which relief may
9    be granted.

10   **Count XV**

11   In Count XV, Plaintiff alleges that he was denied rights to due process and equal
12   protection in violation of the Fourteenth Amendment, "inclusive of" Eighth Amendment
13   protection against cruel and unusual punishment.  He alleges that six numbered disciplinary
14   hearings "need to be reviewed by an impartial court representative, because the department
15   threw out 'AR 707' and did what they wanted to."   Plaintiff then makes conclusory generic
16   allegations as to the alleged acts and omissions by correctional officers in conducting
17   disciplinary hearings generally, such as, for example, that "[u]sually an inmate is considered
18   'guilty' before he ever says anything."

19   Count XV fails to state a due process claim under the Fourteenth Amendment.
20   Nothing in the conclusory allegations presented tends to establish that Plaintiff was subjected
21   to the deprivation of a protected liberty interest or other protected interest as a result of any
22   of the six disciplinary proceedings.  Plaintiff must present specific factual allegations tending
23   to establish such a deprivation, as a fundamental prerequisite for any such due process claim.
24   See #16, at 6.  As noted previously, an alleged violation of state regulations does not give rise
25   to the deprivation of a protected liberty interest.  *Sandin, supra*.  Plaintiff, again, was informed
26   repeatedly in prior screening orders that he must present specific allegations of actual fact,
27   not conclusory recitals of elements of a cause of action.  Count XV otherwise plainly fails to
28   allege a viable claim under either the Equal Protection Clause or the Eighth Amendment.

1
2

Count XV therefore will be dismissed for failure to state a claim upon which relief may be granted.

3

***Count XVI***

4
5
6
7
8
9
10

In Count XVI, Plaintiff alleges that he was denied rights to due process and equal protection in violation of the Fourteenth Amendment, "inclusive of" Eighth Amendment protection against cruel and unusual punishment.  Very similar to Count XV, Plaintiff makes conclusory, generic, and blanket allegations regarding the conduct of the prison grievance system, alleging, *inter alia*, that correctional officials "only go through the motions" and that staff are never found to have done anything wrong.  Petitioner alleges that prison officials fail to follow state administrative regulations in a number of respects.

11
12
13
14
15
16

Count XVI fails to state a due process claim under the Fourteenth Amendment.  Once again, an alleged violation of state administrative regulations does not give rise to the deprivation of a protected liberty interest.  *Sandin, supra*.  It is well established law that prisoners do not have a protected liberty interest in a particular grievance procedure.  *See,e.g., Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).  Nor do the facts alleged present any claim under either the Equal Protection Clause or the Eighth Amendment.

17

Count XVI therefore will be dismissed for failure to state a claim.

18

***Remaining Issues***

19
20
21
22
23
24
25

As noted previously in screening herein, Plaintiff may not pursue claims for monetary damages against the defendant correctional officers in their official capacities.  E.g., #16, at 5-6.  The allegations of the limited claims that remain in Counts II and IX do not support any claim for equitable relief.  Moreover, the intrusive and wide-ranging injunctive relief sought in the prayer clearly goes beyond that permitted under the governing law.  See #53, at electronic docketing pages 60-61.  All official capacity claims and all claims for equitable relief therefore will be dismissed.

26
27
28

Given the clear statement in prior screening orders as to the need to plead specific actual factual allegations and the ample opportunity given to amend, the Court finds that further opportunity for amendment would be futile.

-11-

1    IT THEREFORE IS ORDERED that all claims in the Amended Complaint (#53) are
2  DISMISSED **except:** (a) the individual capacity due process claims in Count II; and (b) an
3  individual capacity First Amendment claim in Count IX for allegedly transferring Plaintiff in
4  retaliation for filing this action.  All other claims presented, including but not limited to all
5  official capacity claims and all claims for equitable relief, are dismissed for the reasons
6  assigned in this order.

7    IT FURTHER IS ORDERED that, as a consequence of the foregoing dismissal, the
8  only Defendants that remain before the Court, on the claims that remain that are identified in
9  the preceding paragraph, as applicable, are Defendants Skolnik, Nevens, Baca, Henson,
10  Kuloloia, Wuest, Cox and Morrow.  No claims remain against any other Defendant named in
11  the Amended Complaint (#53).

12    IT FURTHER IS ORDERED that, the Attorney General already being represented by
13  counsel of record, the Attorney General shall advise the Court within **twenty-one (21) days**
14  from entry of this order whether her office can accept service of process for the remaining
15  named Defendants.  As to any of the named Defendants for which the Attorney General does
16  not accept service, the Attorney General shall file, under seal, the last known address(es) of
17  those Defendant(s).  As to the Defendants for whom the Attorney General accepts or has
18  accepted service, such Defendants shall file and serve an answer or other response to the
19  complaint, as amended, within **thirty (30) days** of the date of the notice of acceptance of
20  service filed in response to this order.

21    IT FURTHER IS ORDERED that the Clerk of the Court shall furnish counsel, by
22  regeneration of electronic notices or such other method consistent with the Clerk's practice,
23  such copies of prior filings as are requested by counsel in order to respond herein.

24    IT FURTHER IS ORDERED that, if service is not accepted for any of the Defendants,
25  Plaintiff shall file a motion identifying the unserved Defendants, requesting issuance of a
26  summons, and specifying a full name and address for said Defendant.  Plaintiff is informed
27  that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be
28  accomplished within **one hundred twenty (120) days** from the date of entry of this order.

-12-

1      IT IS FURTHER ORDERED that henceforth, Plaintiff shall serve upon counsel for

2  Defendants a copy of every pleading, motion or other paper submitted for consideration by

3  the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating

4  the date that a true and correct copy of the document was mailed to the counsel for

5  Defendants.  Plaintiff shall direct service to the individual attorney who has entered an

6  appearance for Defendants.  The Court may disregard any paper received by a district judge

7  or magistrate judge which has not been filed with the Clerk, and any paper received which

8  fails to include a certificate of service.

9      The Clerk shall send Plaintiff a copy of the Amended Complaint (#53) with this order.

10      DATED:   February 3, 2012.

11

12

13  _____

14  PHILIP M. PRO
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-